DAHLSTROM V. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant*.

1. **Railroad** : PASSING THROUGH OPENING IN TRAIN OF CARS : NEGLIGENCE. One who crosses a railroad track in a city at a point one hundred feet distant from the street crossing, at an opening in a train of cars standing on the track, there being no evidence that such opening was made for pedestrians to pass through, or that it was ever used for that purpose, is a trespasser ; and the railroad owes him no duty except not to injure him if, by the exercise of ordinary care, it could either have discovered his peril in time to avoid the accident, or after so discovering it, could have avoided the accident.

2. ———— : RINGING BELL AND SOUNDING WHISTLE. A railroad is required to ring the bell and sound the whistle of its locomotive only when approaching a crossing.

3. **Negligence** : ALLEGATA AND PROBATA : VARIANCE : INSTRUCTION. In an action against a railroad for personal injuries where the petition charges that the place of injury was "near" the regular crossing, and plaintiff's evidence shows that it was one hundred feet distant at a temporary opening in a train of cars standing on the track, and there is no evidence that the public was accustomed to cross there, an instruction as to the injury occurring at a place where the public was accustomed to cross is erroneous, in not confining the jury to the place alleged in the petition.

4. ———— : INSTRUCTIONS. The instructions in an action for negligence should confine the jury to the negligence alleged in the petition.

*Appeal from St. Louis City Circuit Court.*—Hon. W. H. Horner, Judge.

REVERSED AND REMANDED.

*Bennett Pike* for appellant.

(1) The motion in arrest of judgment should have been sustained, as the petition does not state facts sufficient to constitute a cause of action. *Stewart v. Railroad*, 14 A. & E. R. R. Cas. 679 ; *Bell v. Railroad*, 72 Mo. 50; Cooley on Torts, 606. (2) The demurrer to the evidence should have been sustained. *Bell v. Railroad*, 72 Mo. 50 ; *Harlow v. Railroad*, 64 Mo. 480 ; *Fletcher v. Railroad*, 64 Mo. 484; *Mahn v. Railroad*, 64 Mo. 267 ; *Goeton v. Railroad*, 45 N. Y. 662 ; Shearm. & Redf. Negl. sec. 488 ; Pierce Am. Rail. Law, 273 ; *Stillson v. Railroad*, 67 Mo. 671. (3) The instructions given for plaintiff were erroneous and improper. 1 Wharton on Neg., sec. 420 ; *Bell v. Railroad*, 72 Mo. 50 ; *Zimmerman v. Railroad*, 71 Mo. 477 ; *Karle v. Railroad*, 55 Mo. 476 ; *Harlan v. Railroad*, 64 Mo. 480 ; *Galell v. Railroad*, 60 Mo. 475 ; *Harlan v. Railroad*, 65 Mo. 22 ; *Nelson v. Railroad*, 68 Mo. 593 ; *Cagney v. Railroad*, 69 Mo. 416.

*Pattison & Crane* for respondent.

(1) The first proposition as to negligence laid down by the court below is correct. *Johnson v. Railroad*, 77 Mo. 548, 553 ; *Hicks v. Railroad*, 64 Mo. 439, 440. It is the duty of the railroad company to have a proper regard for human life in running through towns and populous neighborhoods, and at places on the road where, by the forbearance and tacit consent of the company, persons are in the habit of passing over or along the road, even where there are no public crossings. *Maher v. Railroad*, 64 Mo. 276 ; *Frick v. Railroad*, 75

Dahlstrom v. St. Louis, I. M. & S. Ry. Co.

Mo. 609. If the bell had been rung, as required by section 806 of the Revised Statutes, it would have been heard by plaintiff before the car struck him. For there is no pretense that the place where he crossed was more than fifty to a hundred feet south of the avenue. *Frick v. Railroad*, 75 Mo. 601, 609 ; *Sonier v. Railroad*, 141 Mass. 10 ; *Petty v. Railroad*, 88 Mo. 319. (2) Even if it had been conclusively shown that this was not a public crossing, nor a place where the public were accustomed to cross, nor on a public highway, still defendant was liable, and the law is as laid down in the second instruction. Though it be admitted that plaintiff was wrongfully there, yet the second proposition is correct. For an injury negligently inflicted, defendant may be held liable, though the plaintiff be a trespasser. *Huelsenkamp v. Railroad*, 37 Mo. 549, *et seq.*, followed in *Brown v. Railroad*, 50 Mo. 468 ; *Morrissey v. Ferry Co.*, 43 Mo. 382–383 ; *Railroad v. Lewis*, 79 Pa. St. 44–45 ; *Daley v. Railroad*, 26 Conn. 595–596 ; *Railroad v. Pointer*, 14 Kans. 49 ; *Railroad v. Ryan*, 70 Ill. 211. (3) Not only was there sufficient evidence of defendant's negligence to go to the jury, but the evidence establishes such negligence beyond a reasonable doubt. The case comes within that of *Kennayde v. Railroad*, 45 Mo. 361. (4) The petition is sufficient.

NORTON, C. J.—This is an action to recover damages for personal injuries alleged to have been occasioned by the negligent and careless management of defendant's engine and cars, in which plaintiff had judgment, from which defendant has appealed.

It is alleged in the petition that plaintiff, " while in the act of crossing Main street *near* Chouteau avenue in the city of St. Louis, was run over and injured by defendant's engine and cars, through or on account of defendant negligently and carelessly managing said engine and cars, both by running at a greater rate of speed than was justifiable, by not having an employe on

the ends of the train to warn pedestrians and keep a lookout, by not giving any warning of the approach of said engine and cars by sounding a bell or whistle or otherwise, by obstructing the regular crossing for a great length of time, thereby compelling pedestrians to walk through and among moving and standing trains, and by not providing adequate means for the safe passage of pedestrians across a necessary and dangerous crossing."

Plaintiff is the only witness who testified in regard to the way in which he was injured, and his evidence is to the following effect: That on the day he was injured he was going down Chouteau avenue to the levee, and that when he came to Main street where it crosses said avenue, the way was blocked with cars standing across it; that he turned south and went about one hundred yards down Main street and discovering an opening between the cars, twenty feet wide as stated in his examination in chief and fifty feet wide as stated in his cross-examination, he undertook to cross Main street through said opening, and was struck and injured while doing so; that he kept a lookout but heard no noise before he was struck and run over.

There is nothing whatever in his evidence tending to show that the opening through which he attempted to go, was either made by defendant for pedestrians to pass through, or that it was or ever had been used by pedestrians for that purpose, and in so using it plaintiff was a trespasser on defendant's track, and defendant owed him no duty except not to injure him, if, after discovering his peril it could, by the exercise of ordinary care, have avoided injuring him, or could, by the exercise of ordinary care, have discovered his peril in time to have avoided injuring him. It is held in the case of *Stillson v. Railroad*, 67 Mo. 671, that where a street crossing is obstructed by a train of cars and there is an opening in the train at a place some distance from

the crossing a person who attempts to pass through said opening does so at his peril, and that those in charge of the train are not required to ring the bell or sound the whistle, as this is only required in approaching a crossing.

The following instructions were given over defendant's objections:

"1. If the jury believe from the evidence that the injury to plaintiff occurred at a place where the public were accustomed to crossing the track of defendant; that plaintiff, while crossing the track, exercised ordinary care and prudence, and that, by reason of the want of proper and reasonable care on the part of the agents or servants of defendant in the management of the locomotive or cars, plaintiff was run over and injured, they will render a verdict in favor of plaintiff.

"2. The jury are instructed that although a person may be improperly or unlawfully upon a railroad track, that alone will not discharge the company or its employes from the observance of reasonable care; and if such person is run over by the train and killed or injured, the company will be responsible if its employes could have avoided the accident by the exercise of reasonable and ordinary care and watchfulness."

The first instruction given is clearly erroneous in this, that it submits to the jury a question not made by the petition, viz., that the injury to plaintiff occurred at a place where the public were accustomed to cross the track of defendant. The petition only charges that the place of injury was near the regular crossing, and the evidence of plaintiff shows that the place where he attempted to cross the tracks of defendant was a hundred feet south of the street crossing at a temporary opening made in the train of cars standing on the track. And besides this there is not a particle of evidence in the record that the public was accustomed to cross the tracks of defendant where plaintiff attempted to cross.

The instruction is also faulty in not confining the jury to the negligence alleged in the petition.

The second instruction is erroneous in not being qualified by the addition of the following, "after discovering the danger or peril of the injured person on the track at the time, or if, by the exercise of ordinary diligence, his peril could have been discovered in time to have avoided injuring him."

The third instruction given for plaintiff is also erroneous. It in effect told the jury to find for plaintiff if they found that the injury to plaintiff was caused by the negligence of defendant's servants as charged in the petition, and that the defendant was not any more negligent at the time than a person of ordinary prudence and care would have been in a similar condition.

For the errors noted the judgment is reversed and cause remanded. All concur, except RAY, J., absent.